**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RONALD BAILEY**                                                      **PLAINTIFF**

**v.**                          **Case No. 4:19-cv-00546-KGB**

**EDDY EASLEY,** *et al.*                                        **DEFENDANTS**

**<u>ORDER</u>**

Before the Court is plaintiff Ronald Bailey's second amended complaint under 42 U.S.C. § 1983 alleging violations of his rights under the United States Constitution as well as state-law tort claims (Dkt. No. 7, at 1).   For the reasons set forth below, the Court dismisses Mr. Bailey's claims; the relief he requests is denied.

**I.      Background**

Mr. Bailey initiated this lawsuit by bringing a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendants Eddy Easley, Chris Williams, Wendy Kelley, Richard Garrett, Gregory Crain, and Ron Ball violated his rights under the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution (Dkt. No. 2, at 1-2). Additionally, Mr. Bailey alleged state-law tort claims of malicious prosecution, defamation, and false imprisonment against defendants (*Id.*).  Mr. Bailey claimed he was maliciously prosecuted and falsely imprisoned by defendants when a "NEW N.C.I.C. REPORT SHOWED NO FELONY ON MY RECORD!!!" (*Id.* at 1).

On September 9, 2019, Mr. Bailey filed his first amended complaint (Dkt. No. 4).  The first amended complaint reiterated Mr. Bailey's constitutional and state-law tort claims against defendants and included what appears to be excerpts from a Texas Law Review article on malicious prosecution (Dkt. No. 4).  On January 24, 2020, the Court entered an Order granting Mr.

Bailey's second motion for leave to proceed *in forma pauperis,* directing Mr. Bailey to file within 30 days from the entry of that Order a second amended complaint that complies with the terms of that Order, and denying as moot Mr. Bailey's first motion for leave to proceed *in forma pauperis* (Dkt. No. 5).

On February 24, 2020, Mr. Bailey filed a second amended complaint (Dkt. No. 7).  In his second amended complaint, Mr. Bailey states claims pursuant to 42 U.S.C. § 1983 regarding "malicious prosecution, defamation, false arrest, tort, [and] falsely [*sic*] imprisonment" (*Id.*, at 1). Mr. Bailey also asserts violations of the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution (*Id.*).  Mr. Bailey partially characterizes "[t]he harm in this case" as "unjustifiable litigation" which he attributes, in some part, to separate defendant Sheriff Rob Ball (*Id.*, at 2).  Mr. Bailey asserts that he was falsely arrested by Sheriff Ball, though he does not provide the factual basis or circumstances surrounding this claim (*Id.*, at 5).  Mr. Bailey also attributes his false arrest claims to separate defendants prosecutor Eddy Easley and deputy prosecutor Richard Garrett (*Id.*, at 6).  Mr. Bailey also claims that defendants defamed him by releasing statements to the Malvern Daily Record Newspaper regarding criminal charges against him (*Id.*).  Mr. Bailey alleges that Arkansas Department of Corrections Director Wendy Kelley is liable to him "as though she herself had confined or imprisoned" him as he "was sentenced to five years to the Arkansas Department of Correction[s]" (*Id.*, at 9-10).  Mr. Bailey alleges that Judge Chris Williams "used 'false' information," though he does not say to what ends (*Id.*, at 10).  Mr. Bailey also alleges that Judge Williams "presided over a prosecution that did not afford Plaintiff Bailey an opportunity to have legal representation or present a defense," and that "as a result, Plaintiff Bailey was wrongfully convicted and incarcerat[ed] five years" (*Id.*, at 15).  Mr. Bailey alleges that he contacted public defender Gregory Crain by mail to overturn his case, that Mr.

Crain never replied to his phone calls, and that Mr. Crain should be liable for these actions (*Id.*). Throughout his second amended complaint, Mr. Bailey references an "N.C.I.C. Report" which he claims shows no felony on his record and which he asserts supports his false arrest claim (Dkt. No. 7). Mr. Bailey seeks damages of over $120 million (*Id.*, at 19).

On May 18, 2020, Mr. Bailey filed an addendum to his amended complaint (Dkt. No. 9). In the addendum, Mr. Bailey restates that he is bringing claims for "tort," malicious prosecution, defamation, false arrest, and false imprisonment, and violations of the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution (*Id.*, at 1). Mr. Bailey again asserts that an N.C.I.C. Report, "shows that there was no felony on the plaintiff's record." (*Id.*, at 2).

## II.     Screening

While Mr. Bailey is not incarcerated, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must screen Mr. Bailey's complaint and amended complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

The Court has reviewed Mr. Bailey's second amended complaint to determine whether he has stated a federal claim that can be litigated.  *See* 28 U.S.C, § 1915A(a).  The pending second amended complaint and addendum are clearly an attempt to relitigate claims that have already been litigated to final judgment in *Bailey v. Easley, et al.*, No. 4:17-cv-00274-BSM (E.D. Ark. April 26, 2017) (*Bailey I*).  In *Bailey I*, Mr. Bailey claimed that defendants Eddy Easley, Richard Garrett, Ron Ball, and Chris Williams violated the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution when they subjected him to a sham criminal prosecution for being a felon in possession of a firearm, a criminal offense under Arkansas Code Annotated § 5-73-103.  *Bailey I*, at Dkt. No. 3, at 3; Dkt. No. 4, at 2.  Additionally, Mr. Bailey alleged state-law claims of malicious prosecution and defamation and sought damages of over $72 million.  *Id.*, at Dkt. No. 4, at 2.

United States District Judge Brian S. Miller dismissed Mr. Bailey's complaint for failure to state a claim upon which relief can be granted.  *Id.* at Dkt. No. 4.  Judge Miller held that Hot Spring County, Arkansas, Circuit Judge Chris Williams and prosecutors Eddy Easley and Richard Garrett were entitled to absolute immunity for their actions during the prosecution and, to the extent Sheriff Ron Ball gave testimony to support Mr. Bailey's conviction, he also had immunity. *Id.* at 2-3 (citing *Broadnicki v. City of Omaha*, 75 F.3d, 1261, 1266 (8th Cir. 1996); *Billingsley v. Kyser*, 691 F.2d 388, 389-90 (8th Cir. 1982) and *Geter v. Fortenberry*, 648 F.2d 1550, 1558 (5th Cir. 1988)).  Judge Miller also held that Mr. Bailey's case was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because "Bailey was convicted of a crime requiring a prior felony conviction, Ark. Code Ann. § 5-73-103, but if successful in this lawsuit, he would have proven that he had no prior felony conviction."  *Id.*  Judge Miller noted that Mr. Bailey alleged that his conviction had already been overturned, in which case *Heck* would not apply to bar his claims, but Judge Miller

found that assertion to be "patently false" because, at that time, Mr. Bailey had a habeas petition challenging his conviction pending before the court.[1] *Id.* at 3-4. Judge Miller also noted that Mr. Bailey's claims, "appear to be barred by the statute of limitations" because "the alleged conduct occurred in 2006, more than ten years from when he filed suit." *Id.* at 4-5. Finally, Judge Miller stated that, "even if Bailey's claims survived one of these three bars, each of his claims suffer from serious substantive flaws." *Id.* at 5.

Although Mr. Bailey did not name defendants Wendy Kelley or Gregory Crain in *Bailey I*, the doctrine of *res judicata* or claim preclusion prohibits Mr. Bailey from relitigating the same claims he raised in *Bailey I* in the instant lawsuit:

> Under federal common law, the doctrine of *res judicata*, or claim preclusion, applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

*Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018).

*Bailey I* resulted in a final judgment on the merits and was based on proper jurisdiction. Additionally, both lawsuits are based on the same claims or causes of action; that is violations of the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and state-law claims of malicious prosecution and defamation. Additionally, both

---

[1] Judge Miller later denied and dismissed Mr. Bailey's petition for writ of habeas corpus as barred by the applicable statute of limitations. *Bailey v. Kelly*, 5:17-cv-00008-BSM (Dkt Nos. 23, 24, 33). Mr. Bailey appealed, but the Eighth Circuit Court of Appeals denied his certificate of appealability and dismissed the appeal. *Bailey v. Kelley*, No. 17-3530 (8th Cir. 2018).

lawsuits are based on a common nucleus of operative facts; Mr. Bailey bases his claims on his prosecution and conviction in Hot Spring County, Arkansas, for being a felon in possession of a firearm in violation of Arkansas law.  *See* Ark. Code Ann. § 5-73-103.  Although Arkansas Department of Corrections Director Wendy Kelley and public defender Gregory Crain were not named defendants in *Bailey I*, "claim prelusion is not limited to cases involving the same parties or parties who are in traditional 'privity' with defendants in a first action."  *Elbert,* 903 F.3d at 783.  A plaintiff's claims against new defendants are subject to dismissal when "the relationship of [the new defendants] to the parties sued in the [previous] action is so close that their addition cannot change that the fact that this present action is repetitious and barred by *res judicata.*"  *Id.* (quoting *Fowler v. Wolff*, 479 F.2d 338, 340 (8th Cir. 1973)) (per curiam).  Mr. Bailey's claims against new defendants Director Kelley and public defender Crain are closely related his claims against the named defendants in *Bailey I* because he faults Director Kelley for carrying out the sentence imposed by Judge Williams and faults public defender Crain for failing to return mail and phone calls asking him to overturn his conviction.  The court's reasoning in *Elbert*, *supra*, leads the Court to conclude that Mr. Bailey's claims are barred by *res judicata*.  "Any other rule would enable plaintiff to avoid the doctrine of *res judicata* by the simple expedient of not naming all possible defendants in [his] first action."  *Elbert*, 903 F.3d at 784 (*quoting Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983)).

Even if Mr. Bailey's claims were not barred by *res judicata*, the claims suffer from the same deficiencies highlighted by Judge Miller in *Bailey I*.  Judge Williams, prosecutors Easley and Garrett, and witnesses are entitled to absolute immunity.  *See Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 759 (8th Cir. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)) (judges are immune from suits brought under § 1983 to recover for alleged

deprivation of civil rights unless the actions taken are not taken within the judge's judicial capacity or the judge lacks completely jurisdiction to act); *Conley v. Office of Pub. Def., Sixth Judicial Dist. of Arkansas, Pulaski & Perry Ctys.*, 653 F.2d 1241, 1242 (8th Cir. 1981) (citing *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir.), *cert. denied*, 444 U.S. 901 (1979)) ("Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings."); *Broadnicki v. City of Omaha*, 75 F.3d, 1261, 1266 (8th Cir. 1996) (citing *Buckle v. Fitzsimmons*, 509 U.S. 259 (1993)) (determining that prosecutors are entitled to absolute immunity when acting as advocates for the state in a criminal prosecution).

Mr. Bailey claims that his state-court conviction has been "overturned," but his assertion is not supported by court records. *See Bailey v. Kelly*, No. 5:17-cv-00008-BSM (E.D. Ark. Jan. 9, 2017) at Dkt No. 33. Judge Miller held a hearing on Mr. Bailey's motion for reconsideration of the court's order adopting a recommended disposition dismissing his petition for writ of habeas corpus. *Id.* at 1. In his order denying the motion for reconsideration following the hearing, Judge Miller explained Mr. Bailey's argument that his underlying felony conviction had been overturned as follows:

> In 1984, Bailey pled guilty to first degree sexual abuse, a class D felony. *See* Resp't Mot. Recons. Ex. B, at Audit #36012939, Doc. No. 30. Bailey was sentenced to six years of unsupervised probation, without conviction, under the Arkansas First Offenders Act. *Id.*; *see also* Ark. Code Ann. § 16-93-303; Pet'r Mot. Recons. Ex. 1, Doc. No. 25 (Arkansas Crime Information Center Report). Under the Arkansas First Offenders Act, if Bailey fulfilled all the terms and conditions of probation, an order would be entered effectively dismissing Bailey's case, discharging Bailey without court adjudication of guilt, and sealing the record. Ark. Code Ann. § 16-93-303(b). Bailey argues that he completed his six years of probation without issue. Pet'r Mot. Recons. at 1. The record, however, shows that Bailey had at least two probation violations, *see* Resp't Mot. Recons. Ex. B. The record lacks anything indicating an appropriate order dismissing Bailey's case was entered pursuant to the Arkansas First Offenders Act.

*Bailey I*, Dkt. No. 33, at 2.  Accordingly, Judge Miller held that Mr. Bailey was not entitled to tolling of the statute of limitations based on actual innocence because, "the evidence shows that he was a felon at the time he was convicted of being a felon in possession of a firearm."  *Id*. at 4. Because Mr. Bailey's conviction has never been overturned, his claims are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents a collateral attack on a state-court conviction through a civil suit.  *Id*. at 485.  Additionally, his claims are barred by the statute of limitations because the events giving rise to his complaint took place in 2006, more than ten years before he filed this lawsuit.

### III.    Conclusion

For the foregoing reasons, the Court dismisses Mr. Bailey's second amended complaint. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 26th day of January, 2021.

Kristine G. Baker
United States District Judge